UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Bolanle Christina Odeyale,<br><br>              Petitioner<br><br> v.<br><br>Hollie Chadwick, et al.,<br><br>              Respondents | Case No. 2:25-cv-00104-CDS-EJY<br><br>**Dismissal Order**<br><br><br>[ECF Nos. 16, 20] |

       Petitioner Bolanle Christina Odeyale, an immigration detainee, filed a counseled petition for federal habeas corpus relief under 28 U.S.C. § 2241 ("petition"), seeking (1) release from custody unless she is promptly provided with a new bond hearing, and (2) a declaration that the Immigration Judge's ("IJ") denial of bond—and the Board of Immigration Appeals' ("BIA") affirmance thereof—was an abuse of discretion. ECF No. 1. The IJ denied the petitioner's "request for a change in custody status" because she had not met her burden of providing that she was not a "[d]anger to the community." ECF No. 1-13; *see also* ECF No. 1-16. The BIA affirmed "without opinion." ECF No. 1-18.

       Before the Court is respondents' motion to dismiss the petition as moot given that the petitioner was released from U.S. Immigration and Customs Enforcement ("ICE") custody on January 20, 2025. ECF No. 16. Petitioner filed a response, explaining that she did not oppose dismissal of the petition as moot so long as the denial of bond decision by the IJ and affirmation by the BIA would not have lasting consequences. ECF No. 19. To avoid any lasting consequences, the petitioner filed a motion for the Court to vacate the IJ and BIA decisions under *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950). ECF No. 20. However, as an alternative, the petitioner requested that any dismissal order make clear that she would be entitled to a new, independent evaluation by a future IJ of her flight risk and dangerousness as required by due process if she were

to have a future bond hearing following any re-detainment. ECF No. 20. In response, respondents opposed vacatur of the IJ and BIA decisions under *Munsingwear*, but they maintained that "it would be highly speculative to assume that a future IJ would not make an independent evaluation of the petitioner's flight risk or dangerousness as required by due process." ECF Nos. 21, 23-1.

If a case becomes moot before it can be fully litigated on appeal, the party who did not prevail below may be entitled to vacatur of the appealed decision. *See Munsingwear*, 340 U.S. at 39 ("The established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss."); *see also U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 23 (1994) (explaining that *Munsingwear* provides for vacatur of "judgments whose review is . . . 'prevented through happenstance'—that is to say, where a controversy presented for review has 'become moot due to circumstances unattributable to any of the parties'"). Vacatur is an equitable and discretionary remedy. *See U.S. Bancorp*, 513 U.S. at 25. Vacatur "is commonly utilized . . . to prevent a judgment, unreviewable because of mootness, from spawning any legal consequences" and ensures that "the rights of all parties are preserved" to fully litigate the issues in a future case. *Munsingwear*, 340 U.S. at 40–41. *Munsingwear* applies to cases like the one here where the petitioner seeks review of an administrative order. *See A.L. Mechling Barge Lines, Inc. v. United States*, 368 U.S. 324, 329 (1961) ("We think the principle enunciated in *Munsingwear* at least equally applicable to unreviewed administrative orders.").

I decline to exercise my discretion to vacate the IJ and BIA decisions under *Munsingwear*. The respondents have affirmatively represented that an IJ would be expected to make a new, independent evaluation at a bond redetermination hearing if the petitioner were to be re-detained. *See Reno v. Flores*, 507 U.S. 292, 306 (1993) ("The Fifth Amendment entitles aliens to due process of law in deportation proceedings."). Thus, given that the IJ and BIA decisions are not likely to spawn any future legal consequences, the principles of equity do not necessitate vacatur of the IJ's previous bond determination. Indeed, given that flight risk and dangerousness are fluid

issues, it is safe to assume that the Fifth Amendment's Due Process Clause would require the government to reconsider the petitioner's flight risk and dangerousness to justify any denial of bond following any re-detention in the future.[1]

## Conclusion

It is therefore ordered that the respondents' motion to dismiss **[ECF No. 16] is granted**. The petition for federal habeas corpus relief under 28 U.S.C. § 2241 **[ECF No. 1] is dismissed as moot**.

It is further ordered that the motion for vacatur **[ECF No. 20] is denied**.

It is further ordered that a Certificate of Appealability is denied given that reasonable jurists would not find dismissal of the petition as moot or the denial of vacatur to be debatable or wrong.

The Clerk of the Court kindly instructed to enter judgment and to close this case.

Dated: May 7, 2025

_____
Cristina D. Silva
United States District Judge

---

[1] I acknowledge the petitioner's concern that this case is like the Abrego Garcia case, where the government used the IJ's bond hearing finding of dangerousness in other capacities. ECF No. 24 at 6. However, given that the petitioner has never acquiesced to the dangerousness finding and instead has strenuously challenged the IJ's bond hearing findings to this Court, the concerns here are not the same as the concerns presented in the Abrego Garcia case where the bond proceedings were not challenged in federal court. Also, given the unprecedented nature of the Abrego Garcia case, it is unlikely that the petitioner would face similar issues.